# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GEORGIA DEATON, | ) |
| Plaintiff, | ) |
| vs. | ) 1:08-cv-165-LJM-JMS |
| JUDGE MARILYN MOORES, et al., | ) |
| Defendants. | ) |

### Entry Discussing State Defendants' Motion to Dismiss

For the reasons explained in this Entry, the motion to dismiss (dkt 29) of those who are identified herein as the judicial defendants must be **granted.**

### Background

Georgia Deaton, the plaintiff in this civil rights action brought pursuant to 42 U.S.C. § 1983, is the grandmother of a teenage boy who has been removed from the home of his parents and placed at the Children's Campus in Mishawaka, Indiana.[1] This is the most recent placement in a series of group homes and foster care by the Indiana Department of Child Services ("DCS"). The placement followed a determination that Deaton's grandson was a CHINS (Child in Need of Services). Deaton has brought this action to secure review of this determination, asserting that the defendants have interfered with her right and that of her grandson to familial association. She seeks both injunctive relief and damages. Among the several defendants are Judge Marilyn Moores and Magistrate Larry Bradley (collectively "the judicial defendants").[2]

The operative pleading setting forth Deaton's claims is the amended complaint filed on March 21, 2008. The judicial defendants seek dismissal of the claims against them on various grounds, and Deaton has responded.

---

[1] Deaton's motion to revised background (dkt 32) is **granted.**

[2] In the body of the amended complaint, though not in the caption, there is a reference to Magistrate Scott Stowers. To the extent that this official was intended to be a defendant, the term "judicial defendants" in this Entry includes Magistrate Stowers.

## Discussion

The implication suggested by the amended complaint is that in the course of their duties with the Marion Superior Court, Juvenile Division, the judicial defendants have made rulings concerning the CHINS proceeding and related matters–custody, visitation, placement, and so forth–regarding Deaton's grandson. Deaton views the CHINS finding as unwarranted and the ancillary matters improperly resolved.

It is a well established principle that judges are immune from civil suits arising out of the exercise of their judicial function. *See Mireles v. Waco*, 502 U.S. 9 (1991). Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Id.* at 11-12. In the instant action, the complaint challenges the issuance of allegedly improper rulings by the judicial defendants; the challenged conduct was all taken in the judges' official capacity. Additionally, judicial immunity applies regardless of whether the judge is accused of acting maliciously or corruptly, as long as it was within his or her jurisdiction. *See Pierson v. Ray,* 386 U.S. 547, 554 (1967). Furthermore, it is well established that immunity applies regardless of whether the plaintiff seeks damages or injunctive relief. See *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).

Deaton argues in opposition to the motion to dismiss that the defendants' jurisdiction can only be validated by whether she was given notice of various proceedings and permitted to participate in them. This cannot be. As the amended complaint itself reveals, the judicial defendants have jurisdiction, and are only connected with Deaton's claims, because of the offices they perform in the state judiciary. That, together with the state law authorizing them to proceed in matters such as the CHINS action which has affected Deaton and her family, is jurisdiction. *Matter of Adoption of T.B.,* 622 N.E.2d 921, 924 (Ind. 1993)("The legislature established the jurisdiction of juvenile courts and probate courts. The juvenile court was expressly given jurisdiction over CHINS proceedings. . ."); IND. CODE § 31-30-1-1 (1998 & Supp. 2007)(with some exceptions, juvenile courts have exclusive jurisdiction over CHINS proceedings).

Based on the foregoing, and because the judicial defendants are entitled to absolute immunity as to any and all claims asserted against them in this action, their motion to dismiss is **granted.**

**IT IS SO ORDERED.**

Date: 06/26/2008

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Georgia Deaton
366 Shadow Hill Dr.
Greenwood, IN 46142

Corinne T.W. Gilchrist
Office of the Attorney General
corinne.gilchrist@atg.in.gov

Juliana B. Pierce
Indiana State Attorney General
Julie.Pierce@atg.in.gov

Brett P. Dvorak
Office of Corporation Counsel
bdvorak@indygov.org

Jonathan Lamont Mayes
Office of Corporation Counsel
jmayes@indygov.org